UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-205-KS

| | |
|---|---|
| TEDMUND B. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 30 & 31], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Tedmund B. James filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability, disability insurance benefits and supplemental security income. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On July 14, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands the matter to the Commissioner for further proceedings.

**STATEMENT OF THE CASE**

Plaintiff applied for a period of disability, disability insurance benefits and supplemental security income on May 27, 2011, alleging disability beginning November 15, 2009. (Tr. 100,

126, 199, 203.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 100, 101, 126.) On February 20, 2013, a hearing was held before Administrative Law Judge Lisa Hall ("ALJ"), who issued an unfavorable ruling on May 29, 2013. (Tr. 20-30.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative

2

decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 30.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since November 15, 2009. (Tr. 22.) Next, he determined that Plaintiff had the following severe impairments: a below-the-knee amputation; diabetes mellitus; and degenerative disc disease. (Tr. 22.) Additionally, the ALJ determined Plaintiff had the following non-severe impairments: stroke and depression. (Tr. 23.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination,

to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the capacity to perform less than the full range of light work "in that he could occasionally lift or carry up to 20 pounds, frequently lift or carry up to 10 pounds as well as sit, stand, and walk about six hours out of an eight-hour workday.  The claimant has blurred vision in one eye and cannot perform tasks requiring good bilateral vision."  (Tr. 23.) The ALJ further determined that Plaintiff could not perform past relevant work but, based upon his age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy.  (Tr. 28-30.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on four grounds. Plaintiff first contends that the ALJ improperly evaluated medical opinions of Plaintiff's treating physicians.  Second, Plaintiff asserts that the ALJ erred in failing to consider the impact of Plaintiff's peripheral vascular disease and cardiomyopathy in assessing the Listings and Plaintiff's RFC.  Next, Plaintiff challenges the ALJ's credibility determination.   Lastly, Plaintiff contends that the Appeals Council should have remanded the case in light of new evidence.

### a. Medical Opinions

Plaintiff contends that the ALJ erred in her analysis of medical opinions from treating physician Dr. John Pickett and physician's assistant Ms. Savannah Bean, the examining state agency consultant Dr. Satish Kumar, and the non-examining state agency consultant Dr. Perry Caviness.  An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about

4

issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R §§ 404.1527(b) & (c), 416.927(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Craig,* 76 F.3d at 590.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the treating physician's opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist in the field in which the opinion is rendered. 20 C.F.R. §§ 404.1527(c)(2)–(5), 416.927(c)(2)-(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

Here, Ms. Bean and Dr. Pickett provided statements that Plaintiff could not work due to the extent of his impairments. (Tr. 633, 868.) Dr. Kumar assessed Plaintiff's functional abilities as follows:

> He can stand about 10 minutes then he gets lightheadedness as per patient. Sitting is no problem. He can walk about a mile with cane. He can carry about 5 to 8 pound[s] of weight, as per patient, if needed. . . . He cannot squat. He can walk up stairs slowly. Patient states he used to cut grass, but not now after CVA.

(Tr. 359.) Based upon his review of the medical record, Dr. Caviness limited Plaintiff to light work with postural and environmental limitations. He restricted Plaintiff to occasional climbing of ramps, stairs, ladders, ropes, scaffolds; occasional balancing; and frequent stooping, kneeling, and crouching. Dr. Caviness specifically cited Plaintiff's below-the-knee amputation as the reason for such postural limitations. He also noted that Plaintiff should avoid hazards, such as machinery and heights, due to his history of hypertension and diabetes mellitus. Dr. Clayton found that Plaintiff could perform the full range of light work. (Tr. 111.)

The ALJ assigned little weight to Ms. Bean, Dr. Kumar, and "some weight" to Dr. Caviness. He failed to assign any weight to Dr. Pickett's examination and opinion that Plaintiff could not work. (Tr. 868.) The ALJ assigned Dr. Kumar's medical opinion little weight because he "was only able to examine the claimant once, thus providing only a snapshot of his medical situation and the majority of limitations that were assigned to the claimant were reported by the claimant not as determined by the doctor during any testing." (Tr. 27.) Ms. Bean's opinion was assigned little weight because her opinion that Plaintiff could not work is a determination reserved to the Commissioner and she provided no specific functional limitations regarding Plaintiff's impairments. (Tr. 27.)

Regarding the non-examining state agency consultants, the ALJ determined Dr. Caviness' opinion was entitled to "some weight," stating: "The [ALJ] is assigning some weight to this

6

opinion in terms of the claimant's exertional limitations due to his history of back pain and below the knee amputee making it difficult for him to lift or carry much. However, the undersigned feels that the postural and environmental limitations given to the claimant are too limiting." (Tr. 28.) The ALJ assigned "greater weight" to the non-examining state agency consultant, Dr. Melvin Clayton, reasoning that he "was able to review the claimant's medical records to determine that the combination of claimant's back pain, below the knee amputee, and diabetes would limit him to light work." (Tr. 28.)

The court cannot determine that the ALJ's weight determination is supported by substantial evidence. The ALJ gave Dr. Clayton greater weight than Dr. Caviness because Dr. Clayton was able to review the record. However, Dr. Caviness reviewed the same record. Additionally, the ALJ discounted Dr. Caviness' postural and environment limitations because she *felt* they were too limiting but she cited no medical evidence or other explanation supporting her determination. Moreover, the ALJ gave Dr. Kumar little weight based, partly, on the fact that he saw Plaintiff only once. However, the record indicates Dr. Kumar had seen Plaintiff previously in December 2008 in connection with Plaintiff's prior disability application. (Tr. 77.) Also, the ALJ's explanation that Dr. Kumar deserved little weight because he saw Plaintiff only once is contradictory to her determination that Dr. Clayton, a non-examining consultant, be given the greatest weight.

It is undisputed that Plaintiff had his right leg amputated three inches below the knee due to diabetic complications. (Tr. 24.) However, there is no explanation as to why postural limitations were not included in the RFC although Dr. Caviness opined they were needed. The ALJ merely stated that she "fe[lt] that the postural and environmental limitations given to the claimant or too limiting." (Tr. 28.) The RFC assessment "must include a discussion of why

7

reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7. Here, the ALJ does not provide a discussion as to how Plaintiff's amputation does or does not affect his functional limitations and his ability to perform, essentially, a full range of light work. As such, the court is unable to determine whether the ALJ's assessment of the medical opinions is supported by substantial evidence.

### c. Remaining Challenges

Plaintiff also asserts that the ALJ erred in assessing his credibility and his peripheral vascular disease and cardiomyopathy, and that his case should have been remanded in order to consider new evidence. (Pl.'s Mem. at 9-13.) Because this case is being remanded for further consideration of the treating physician's medical opinions, there exists a substantial possibility that the Commissioner's findings may be different on remand. Accordingly, the court expresses no opinion as to Plaintiff's remaining assignments of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #30] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #31] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 29th day of February 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge